**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

In re: Nursing Facility COVID-Related Damages Actions Removed Under the PREP Act

**MEMORANDUM OF DECISION & ORDER**

Civil Action Nos.

22-CV-7528(GRB)(SIL)
22-CV-7618(GRB)(JMW)
22-CV-7719 (GRB)(ARL)
22-CV-7817(GRB)(ST)

------------------------------------------------------------X

**GARY R. BROWN, United States District Judge**:

Appearances:

Brett R. Leitner
Leitner Varughese Warywoda PLLC
*Attorneys for Plaintiff*
425 Broadhollow Road
Suite 417 Melville, NY 11747

Joseph Ciaccio
Napoli Shkolnik, PLLC
*Attorneys for Plaintiff*
400 Broadhollow Road
Suite 305
Melville, NY 11747

Dylan C. Braverman
Vigorito, Barker, Patterson, Nichols & Porter, LLP
*Attorneys for Defendants*
115 E. Stevens Avenue
Ste 206
Valhalla, NY 10595

Presently pending before the Court are several medical malpractice actions removed from the Supreme Court of New York, Suffolk County against defendants operating a nursing facility, allegedly because these actions are covered by the Public Readiness and Emergency Preparedness

Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, which, defendants argue, preempts plaintiffs' state law claims.[1]  Each case features a medical malpractice complaint which defendants have removed to this Court using cookie-cutter filings.  In recent months, defendants' counsel have removed several nearly-identical actions based on the same theory and using indistinguishable filings, which cases have been remanded by the undersigned.  In these cases, defendants, once again, raise a litany of arguments that have previously been roundly rejected by this Court and others.

Defendants have moved to stay these four actions, pending purportedly related appeals before the Second Circuit.  Plaintiffs have sought remand.  For the reasons set forth herein, defendants have failed to meet their burden to establish that removal was proper, the motion to stay is DENIED, and these matters are hereby REMANDED.

*Background*

The complaints in these actions, premised solely on state law causes of action, seek damages based on allegations that plaintiffs (and/or their decedents) suffered serious if not fatal injury after contracting COVID-19 while residing at defendants' nursing home facility.  Specifically, the complaints set forth causes of action for: (1) violation of New York Public Health Law § 2801-d and § 2803-c; (2) negligence prior to the outbreak of the pandemic; (3) negligence during the pandemic; (4) negligence *per se*; (5) conscious pain and suffering; (6) wrongful death;

---

[1] Plaintiffs also assert that the removal is proper under 28 U.S.C. § 1442(a)(1), because, they assert, by complying with regulations or implementing federal health care guidance, the private operators of the defendant nursing home were transformed into persons acting under federal officers and entitled to the privileges of that statute.  However, this argument is completely undermined by the statutory language, case law and common sense.  *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007) ("the help or assistance necessary to bring a private person within the scope of the statute does *not* include simply complying with the law"); *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 589 (5th Cir. 2022) (refusing to apply statute to private nursing home operator).  While this Court has repeatedly ruled that this argument is entirely fallacious, *see, e.g.*, *The Estate of Susan Schwartz v. Emerge Nursing & Rehabilitation et al*, CV No, 22-7084, these rulings have not deterred counsel from continuing to make this assertion.

2

(7) gross negligence; (8) nursing home malpractice and professional negligence resulting in wrongful death; and (9) nursing home malpractice resulting in conscious pain and suffering. *See* 22-7618, Compl., DE 2-1. Defendants argue that "[p]laintiff's Complaint also pleads the exclusive federal cause of action for serious physical injury resulting from willful misconduct," but a review of the complaint reveals that no such claim has been pled. *See, e.g.*, CV No.22-7618, Notice of Removal, DE 2 at ¶ 16.

Defendants moved to stay these actions pending resolution of several cases before the Second Circuit Court of Appeals. *See, e.g., id.*, DE 8 (citing *Leroy v. Hume*, CV Nos. 21-2158, 21-2159; *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, CV No. 21-2164, and *Solomon v. St. Joseph Hospital*, CV No. 21-2729). In the four actions pending before this Court, defendants simultaneously moved to dismiss the complaint based upon (1) "Plaintiff's lack of capacity as a 'Proposed Administrator' of the decedent estate" and (2) claimed immunities afforded plaintiff under the PREP Act. CV No. 22-7618, DE 8.

***Discussion***

*1. Defendants' Motion to Stay*

As to defendants' motions to stay, Judge Ross set forth the standard in a similar case as follows:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L.Ed. 153 (1936). However, a "stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672, 47 S. Ct. 222, 71 L.Ed. 463 (1926). Instead, it is a discretionary determination dependent on the specifics of the matter before the court. *Nken v. Holder*, 556 U.S. 418, 433–34, 129 S. Ct. 1749, 173 L.Ed.2d 550 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion," and the court is to apply the traditional four-factor standard to determine the stay's propriety: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

3

> (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L.Ed.2d 724 (1987)); *see also Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 48 (2d Cir. 2020).
>
> While the first two factors are the most important, "[t]he degree to which a factor must be present varies with the strength of the others; 'more of one [factor] excuses less of the other.'" *U.S. S.E.C. v. Daspin*, 557 F. App'x 46, 48 (2d Cir. 2014) (quotations omitted) (alterations in original). In turn, "[t]he probability of success [on the merits] that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[ ] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Paulsen v. All Am. Sch. Bus Corp.*, No. 13-CV-3762 (KAM), 2013 WL 5744483, at *2 (E.D.N.Y. Oct. 23, 2013) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)).

*Leroy v. Hume*, 563 F. Supp. 3d 22, 25–26 (E.D.N.Y. 2021) (denying motion for stay).

In considering these factors, the first, and most important, turns on whether defendants have demonstrated a likelihood of success regarding the pending appeals, two of which involve lower court determinations from different district court judges, finding defendants' arguments without merit and remanding those actions. *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr.*, 2021 WL 3549878, at *2, n.4 (E.D.N.Y. Aug. 11, 2021) ("this case is remanded for lack of subject matter jurisdiction"); *Leroy v. Hume*, 554 F. Supp. 3d 470, 482 (E.D.N.Y. 2021) ("given that none of defendants' arguments for removal jurisdiction prevails, I grant plaintiffs' motion for remand"). In the third, a district judge denied defendants' motion to dismiss a removed case, rejecting the assertion that PREP Act immunity bars the suit in question. *Solomon v. St. Joseph Hospital*, No. 20-cv-3213, DE 31, (E.D.N.Y. Sept. 29, 2021). In evaluating defendants' chances on appeal, the Court must recognize the steady drumfire of decisions by district judges[2] and the

---

[2] *See, e.g.*, *Rivera-Zayas v. Our Lady of Consolation*, No. 20-CV-5153 (NGG)(JMW), 2021 WL 3549878 (E.D.N.Y. 2021); *Leroy v. Hume*, 554 F. Supp. 3d 470 (E.D.N.Y. 2021); *Shapnik v. Hebrew Home for Aged at Riverdale*, No. 20-cv-6774 (LJL), 2021 WL 1614818 (S.D.N.Y. Apr. 26, 2021); *Fisher v. Rome Ctr. LLC*, No. 6:22-CV-0685 (LEK/ATB), 2022 WL 16949603 (N.D.N.Y. Nov. 15, 2022). Though the Second Circuit has not yet decided this issue, the Third, Fifth, Seventh, and Ninth Circuits have rejected the same arguments raised by defendants herein. *See Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393 (3d Cir. 2021); *Mitchell v. Advanced HCS, LLC*, 28 F.4th

undersigned[3] roundly rejecting the arguments proffered here. "[T]here is near unanimity among district courts nationwide—and unequivocal agreement among district courts in the Second Circuit—that there is no federal subject matter jurisdiction, based on either complete preemption under the PREP Act or federal officer jurisdiction, in cases like the instant one." *Leroy*, 563 F.Supp.3d at 28.

Furthermore, defendants' counsel face significant appellate hurdles. Under Section 1447 of Title 28, United States Code, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," though removals under Section 1442 are expressly excepted, and caselaw has limited the statute to orders "based on lack of subject matter jurisdiction or defects in removal procedure." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996). Two removal orders subject to appeal here were based upon a lack of subject matter jurisdiction. Thus, in those appeals, the only issue that appears subject to appellate review is defendants' highly-dubious "federal officer" removal under 28 U.S.C. § 1442, discussed further herein. The third appeal, *Solomon*, constitutes an interlocutory appeal of defendants' motion to dismiss for lack of subject matter jurisdiction which, as counsel acknowledges, must fall into the "'small class' of decisions that are immediately appealable under 28 U.S.C. § 1291 even though the decision has not terminated the proceedings in the district court." *Solomon v. St. Joseph Hospital*, Appellate Brief for Defendants, No. 21-2729-cv, 2022 WL 444814 at *30 (2d Cir. Feb.

---

580 (5th Circ. 2022); *Martin v. Petersen Health Operations LLC*, 37 F.4th 1210 (7th Cir. 2022); and *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2021).

[3] *See, e.g.*, *Hepworth v. Our Lady of Consolation Nursing and Rehabilitation Care Center*, No. 22-cv-3641; *Suri v. Excel at Woodbury for Rehabilitation and Nursing, LLC*, No. 22-cv-4609; *Breit v. Our Lady of Consolation Geriatric Care Center*, No. 22-cv-4714; *Quigley v. Our Lady of Consolation Geriatric Care Center*, No. 22-cv-4917; *Roland v. Parker Jewish Institute for Health Care & Rehabilitation et al*, No. 22-cv-5091; *Schmid v. Quantum Rehabilitation & Nursing, LLC*, No. 22-cv-5117; *Panzella v. Oasis Rehabilitation and Nursing, LLC et al*, No. 22-cv-5427; *Ghosio v. St. Charles Hospital*, No. 22-cv-5796; *The Estate of Susan Schwartz v. Emerge Nursing & Rehabilitation et al*, No. 22-cv-7084.

5

9, 2022) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 522 (1988)). These procedural obstacles render defendants' chances of success even more attenuated.

Defendants make no effort to establish irreparable harm in absence of a stay, nor do they address the effect of a stay on the plaintiffs or the public. CV No.22-7618, DE 8. Presumably, assertions of irreparable harm predicated upon having to litigate in the state courts of New York would fail, as those courts are required to consider federal claims. *Haywood v. Drown*, 556 U.S. 729, 740 (2009) ("having made the decision to create courts of general jurisdiction that regularly sit to entertain analogous suits, New York is not at liberty to shut the courthouse door to federal claims that it considers at odds with its local policy"); *Garcia v. New York City Health & Hosps. Corp.*, No. 20 Civ. 9970 (CM), 2021 WL 1317178, at *1 (S.D.N.Y. Apr. 8, 2021) ("While defendant may be able to raise the defense of PREP Act immunity, there is no compelling reason why such defense cannot be made in a state court proceeding."); *cf. Huffman v. Pursue, Ltd.*, 420 U.S. 592, 606 (1975) (declining to consider assertion that "every litigant who asserts a federal claim is entitled to have it decided on the merits by a federal, rather than a state, court"). Defendants have thus failed to satisfy the remaining elements warranting a stay. *Leroy*, 563 F.Supp.3d at 30–31 (rejecting defendants' efforts to articulate irreparable harm, noting that plaintiffs face substantial harm and that the public interest would not be furthered by a stay).

Moreover, there is a substantial question as to whether a decision in the pending appeals would be dispositive, or even helpful, in the consideration of the instant actions, which appear factually distinguishable. For example, in the *Solomon* appeal, the case turns on whether the defendants properly employed a ventilator, which the parties agree constitutes a covered countermeasure under the statute. *Solomon*, Brief for Defendants, 2022 WL 444814 at *35 ("The District Court correctly held that a ventilator is a covered countermeasure under the PREP Act,

6

and there is no dispute among the parties that a ventilator was used to treat Plaintiff's COVID-19 illness during the time he acquired the alleged pressure injuries."). As discussed below, the allegations in the instant cases suggest that *no* countermeasures were employed, and defendants have failed to develop the factual record to contend otherwise. Similarly, the cases before this Court present an issue, to wit: plaintiffs' capacity to represent the decedent, that appear to distinguish them from the matters before the Second Circuit. CV No. 22-7618, DE 8.

Thus, defendants have entirely failed to establish that a stay is warranted here, and plaintiffs' motion to remand must be considered.

### 2. Plaintiffs' Motion to Remand

Regarding plaintiffs' motion to remand, "[w]here, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Moreover, removal procedures are to be strictly construed, with doubts resolved against removability. *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021).

A removal based on preemption imposes additional requirements. The Supreme Court has held that "the touchstone of the federal district court's removal jurisdiction is not the 'obviousness' of the pre-emption defense but the intent of Congress. Indeed, as we have noted, 'even an 'obvious' pre-emption defense does not, in most cases, create removal jurisdiction.'" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). The Court held the *Taylor* case properly removed because "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." *Id.* Thus, defendants bear the additional burden of demonstrating that the facts of the underlying cases are sufficiently

developed to warrant the conclusion that they fall within a clearly manifested Congressional mandate to permit removal.

      *a) Insufficiency of Defendants' Removal Theories*

Here, defendants nominally predicate removal upon several related and highly tenuous grounds. First, defendants claim that the PREP Act constitutes complete preemption of state law remedies and that the PREP Act provides immunity against the claims in these cases. Second, defendants assert that federal questions are embedded in the complaint, as discussed in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 315 (2005). Third, defendants assert that the Court may exercise jurisdiction under the federal officer removal statute. *See generally* CV No. 22-7618, DE 2.

In considering defendants' legal theories, the undersigned relies on the overwhelming majority of federal court decisions which have thoroughly rejected every argument raised herein.[4] There is no reason to repeat the detailed determinations made by the undersigned's colleagues. Instead, the Court hereby incorporates by reference the fine opinion by Judge Matsumoto in *Gerber v. Forest View Ctr.*, 2022 WL 3586477 (E.D.N.Y. Aug. 22, 2022), whose careful and thorough analysis of each ground asserted reveals the fundamental flaws in defendants' position. As such, this Court joins in Judge Matsumoto's holdings that (1) "the PREP Act does not exhibit the 'extraordinary' preemptive force required for complete preemption"; (2) "*Grable* 'does not support federal question and removal jurisdiction in this case'"; and (3) defendants do not qualify for federal officer removal. *Id.* at *6-8. There is no basis to conclude that the PREP Act completely upends well-established state law in this area. *See Fisher*, 2022 WL 16949603, at *8 ("This Court

---

[4] See note 2, *supra*.

will not read the PREP Act in a way that, in effect, strips all state courts of jurisdiction over a wide variety of their tort cases when a plausible reading of the statute requires no such thing").[5]

    b) *Defendants' Failure to Establish Factual Basis for Removal*

One issue bears further examination. Even assuming that defendants' jurisdictional theories were legally viable, defendants have failed to establish a factual basis for removal, further warranting remand. The immunity invoked by defendants under the PREP Act applies to "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d. Yet in each of these cases, defendants have not and cannot plausibly assert that the claims relate to the deployment of countermeasures. The notices of removal acknowledge that:

> The claims in this matter invoke care at the beginning of the COVID-19 pandemic when there were few treatment options, PPE was scarce, COVID-19 testing was hard to obtain and COVID-19 program planning was nascent.

*See, e.g.*, CV No. 22-7618, DE 2 at ¶ 11. The clear inference from these facts is that any liability that might exist turns on practices, procedures and acts that occurred in the absence of the countermeasures contemplated by the statute, and thus defendants are in no position to assert that the PREP Act could apply here. Defendants confirm this notion in their notices of removal by asserting:

> COVID-19 testing was the quintessential COVID-19 countermeasure, especially in April 2020 when there was no vaccine and no treatment modalities. Plaintiff repeatedly asserts a claim of a failure to test and a claim of failure to diagnose (further implicating testing).

---

[5] Furthermore, defendants' contention that plaintiffs are "artfully attempt[ing] to obscure the nature of the claims asserted," rings hollow. Notice of Removal, No. 22-cv-7618, DE 2 at ¶ 14. In fact, a more apt conclusion is that defendants are artfully attempting to establish jurisdiction in this court where there plainly is none. *Garcia v. New York City Health & Hosps. Corp.*, No. 20 Civ. 9970 (CM), 2021 WL 1317178, at *1 (S.D.N.Y. Apr. 8, 2021) ("This is not an instance of 'artful pleading' in which the Plaintiff is disguising what is essentially a federal claim in state law clothing; it is a garden variety negligence case, as to which Defendant might (or might not) have a defense.").

9

*See, e.g.*, CV No.22-7618, DE 2 at ¶ 15. Again, defendants cannot reconcile their assertion that the complaint "clearly relates to the administration of COVID-19 countermeasures, and thus triggers complete preemption under the PREP Act," with their representation that no such countermeasures were administered in these cases. *See, e.g.*, 22-0716, DE 2 at ¶ 10. Indeed, the plaintiffs' claims are premised on general staffing and quarantining failures and basic nursing home malpractice. *See Dupervil v. All. Health Operations, LCC*, 516 F. Supp. 3d 238, 257 (E.D.N.Y. 2021), *opinion vacated, appeal dismissed sub nom. Dupervil v. All. Health Operations, LLC*, No. 21-505, 2022 WL 3756009 (2d Cir. Aug. 1, 2022) ("Plaintiff's actual claims facially rest on an alleged duty arising from or related to proper standards of general medical and nursing care, not the administration or use of certain drugs, biological products, or devices, i.e., the countermeasures covered under the PREP Act."). Defendants' failure to develop the record to provide a factual basis for their asserted federal question – here, the deployment of countermeasures protected under the statute – proves fatal to their attempt at removal.

> As the Second Circuit has held:
>
> the party asserting jurisdiction bears the burden of proving that the case is properly in federal court and that party may not "be relieved of [its] burden by any formal procedure." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L.Ed. 1135 (1936); *see also In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 730 (2d Cir.1993). Thus, "[i]f [the averring party's] allegations of jurisdictional facts are challenged by [its] adversary in *any appropriate* manner, [the averring party] must support them by competent proof." *McNutt*, 298 U.S. at 189, 56 S. Ct. at 785.

*United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (emphasis in original). In *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994), the Circuit again emphasized the teachings of *McNutt*:

> The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions

10

> which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court.

As a result:

> A case is removable when the initial pleading "enables the defendant to 'intelligently ascertain' removability from the face of such pleading, so that in its petition for removal[, the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a)." *Richstone,* 988 F.Supp. at 403 (citing *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir.1957)). A pleading enables a defendant to intelligently ascertain removability when it provides "the necessary facts to support [the] removal petition." *Id.* (quoting *Rowe v. Marder,* 750 F.Supp. 718, 721 (W.D.Pa.1990), aff'd, 935 F.2d 1282 (3d Cir.1991)).

*Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001).

Thus, a party invoking the power of the federal court by removing a state court action has the obligation to establish facts to support the removal. Quite often, this burden manifests itself in diversity actions in which the removing party must demonstrate "a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). It is, therefore, a common practice in such cases for defendants to utilize state court procedures to ascertain the amount of damages sought before attempting to remove a case. *See, e.g., Yonkosky v. Hicks*, 409 F.Supp.2d 149, 152 (W.D.N.Y. 2005) ("Defendants were not able to legitimately remove the action to this court until after Plaintiffs served a Demand for Relief . . . in accordance with § 3017(c)").

Here, by contrast, defendants have removed these cases on the theory that covered countermeasures were implicated, thereby raising a federal question, when the pleadings suggest

11

exactly the opposite. Thus, before removing a bevy of cases[6] on the theory that a federal question arises because of the use or misuse of covered COVID-19 countermeasures, defense counsel was required to ascertain that this was, in fact, the case. As with the jurisdictional minima cases, this duty would extend to employing state court discovery devices to develop the facts before seeking removal. Having failed to do so, counsel cannot articulate "the necessary facts to support [the] removal petition," and the cases are subject to remand. *Whitaker*, 261 F.3d at 205–06. Plaintiffs' motion to remand must be GRANTED.

*Conclusion*

For the foregoing reasons, these cases are hereby remanded to the Supreme Court of New York, Suffolk County. The Clerk of the Court is directed to return the files and close the cases.

**SO ORDERED.**

Dated: January 24, 2023
Central Islip, New York

/s/ Gary R. Brown

Gary R. Brown
United States District Judge

---

[6] Other cases removed on behalf of the same defendants include: 2:21-cv-468-GRB-SIL Centeno v. Our Lady of Consolation (filed 01/28/2021); 2:22-cv-3641-GRB-LGD Hepworth v. Our Lady of Consolation Nursing and Rehabilitation Care Center (filed 06/21/22, closed 06/23/22); 2:22-cv-04714-GRB-LGD Breit v. Our Lady of Consolation Geriatric Care Center (filed 08/10/22, closed 08/12/22); 2:22-cv-04917-GRB-ST Quigley v. Our Lady of Consolation Geriatric Care Center (filed 08/19/22, closed 08/29/22); 2:22-cv-04920-EK-LGD Gallipani v. Our Lady of Consolation Geriatric Care Center (filed 08/19/22); 2:22-cv-05558-NRM-ST McGovern v. Our Lady of Consolation Geriatric Care Center (filed 09/16/22); 2:22-cv-7084-GRB-JMW The Estate of Susan Schwartz v. Emerge Nursing & Rehabilitation Center et al (filed 11/21/22, closed 12/05/22); 2:22-cv-07528-GRB-SIL The Estate of Marikate Cavanagh v. Our Lady of Consolation Nursing and Rehabilitative Care Center et al (filed 12/12/22); 2:22-cv-07545-PKC-JMW The Estate of Beryl Aiken v. Our Lady of Consolation Geriatric Care Center et al (filed 12/13/22); 2:22-cv-07618-GRB-JMW The Estate of Jeffrey Weber v. Our Lady of Consolation Nursing and Rehabilitative Care Center et al (filed 12/15/22); 2:22-cv-07719-GRB-ARL The Estate of Thomas Staats, et al v. Our Lady of Consolation Nursing and Rehabilitative Care Center et al (filed 12/19/22); 2:22-cv-07779-KAM-LGD The Estate of Carmela Y. Luongo v. Our Lady of Consolation Nursing & Rehabilitative Care Center et al (filed 12/21/22); 2:22-cv-07817-GRB-ST The Estate of Ron Falbo v. Our Lady of Consolation Nursing & Rehabilitative Care Center et al (filed 12/22/22); 2:22-cv-07855-FB-JMW The Estate of Joyce Ulrich v. Our Lady of Consolation Nursing and Rehabilitative Care Center et al (filed 12/26/22); 2:22-cv-07856-JMA-ARL Danielo v. Our Lady of Consolation Geriatric Care Center (filed 12/26/22).